UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

United States of America,

                                  Plaintiff,

                                                      Crim. No. 23-CR-151 (SRN/TNL)

v.

Theodore Harold Edward Bobo, Jr,

                                  Defendant.

---

**DEFENDANT'S MOTION FOR DISCOVERY INCLUDING LABORATORY CASE FILES PURSUANT TO *BRADY V. MARYLAND***

Defendant Theodore Bobo, by and through his undersigned attorneys, respectfully moves the court for an order compelling the government to produce documents and other information pursuant to its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963).

In *Brady v. Maryland*, 373 U.S. 83 (1963), the Supreme Court held that the Due Process clause requires the government to disclose evidence favorable to the defendant that is material to guilt or punishment. The government's constitutional duty to disclose covers not only exculpatory evidence but extends to material impeachment evidence as well. *See, e.g., Kyles v. Whitley,* 514 U.S. 419, 433 (1995) ("[T]he Court [has] disavowed any difference between exculpatory and impeachment evidence for *Brady* purposes . . . ."); *United States v. Bagley,* 473 U.S. 667, 676 (1985) ("Impeachment evidence . . . as well as exculpatory evidence, falls within the *Brady* rule."); *Giglio v. United States*, 405 U.S. 150, 154 (1972). Moreover, the government has an affirmative

1

obligation to evaluate the evidence it possesses and identify exculpatory materials for the defense. *See, e.g.*, *Kyles*, 514 U.S. at 437 (the prosecution, "which alone can know what is undisclosed," has the "duty to learn of any favorable evidence known to others acting on the government's behalf in the case"). This is true even where the defense has not requested specific evidence. *See, e.g., Strickler v. Greene*, 527 U.S. 263, 280 (1999); *United States v. Agurs*, 427 U.S. 97, 107 (1976). The government must resolve all doubtful questions in favor of disclosure. *Kyles*, 514 U.S. at 437.

The Supreme Court has taken a generous view of a prosecutor's *Brady* obligation, on the theory that the prosecutor should not be in a position to decide prior to trial what information may be "material" to a trial that has not yet commenced. In *United States v. Agurs*, the Court recognized that the materiality of evidence cannot accurately be anticipated prior to trial:

> [T]here is a significant practical difference between the pretrial decision of [a] prosecutor and the post-trial decision of the judge. Because we are dealing with an inevitably imprecise standard, and because the significance of an item of evidence can seldom be predicted accurately until the entire record is complete, the prudent prosecutor will resolve doubtful questions in favor of the disclosure.

427 U.S. 97, 108 (1976). In *Kyles v. Whitley*, 514 U.S. 419 (1995) the Court stated a prosecutor should disclose what may be favorable to the defense "[T]his means, naturally, that a prosecutor anxious about tacking too close to the wind will disclose a favorable piece of evidence. This is as it should be." *Id.* at 437. Thus, the prosecution's disclosure of evidence favorable to the defense "[W]ill tend to preserve the criminal trial,

as distinct from the prosecutor's private deliberations, as the chosen forum for ascertaining the truth about criminal accusations." *Id.* at 440.

"[I]n the pre-trial context, the court should require disclosure of favorable evidence under *Brady* and *Giglio* without attempting to analyze its 'materiality' at trial." *United States v. Carter*, 313 F. Supp.2d 921, 925 (E.D.Wis. 2004). As the court reasoned in *Carter*:

> The judge cannot know what possible effect certain evidence will have on a trial not yet held. In most cases, the judge will only have a vague approximation of what the proof will be; thus, he cannot meaningfully evaluate how the addition of other evidence would alter the trial. Therefore, the court should ordinarily require the pre-trial disclosure of all exculpatory or impeachment evidence.

*Id.* (citations omitted); *see also United States v. Safavian*, 233 F.R.D. 12, 16 (D.D.C. 2005) ("[T]he government must always produce any potentially exculpatory or otherwise favorable evidence without regard to how the withholding of such evidence might be viewed – with the benefit of hindsight – as affecting the outcome of the trial.").

It is not Mr. Bobo's duty to guess what exculpatory information the government may possess, or even to tell the government about exculpatory evidence Mr. Bobo believes, through his own investigation, the government may possess. Nevertheless Mr. Bobo believes all of the following information to be exculpatory and/or relevant under *Brady* and *Kyles* and hereby requests its production.

- The complete laboratory case file for the DNA analysis conducted on both firearms at issue in this case (Lab No. S21-16548, Report No. 3 in Discovery), including any and all bench notes, logs, testing protocols, and any records

generated by the examination or testing procedures of material pertinent to this case.

- The complete laboratory case file for the alleged drugs found in this case (Lab No. S21-16548, Report No. 2 in Discovery) including any and all bench notes, logs, testing protocols, and any records generated by the examination or testing procedures of material pertinent to this case.

- The complete laboratory case file for the latent fingerprint analysis conducted in this case (Lab No. S21-16548, Report No. 1 in Discovery) including any and all bench notes, logs, testing protocols, and any records generated by the examination or testing procedures of material pertinent to this case.

Date:  May 30, 2023                                                  Respectfully submitted,

By:   */s/ William J. Mauzy*
William J. Mauzy (#68974)
William R. Dooling (#0402244)
Mauzy Law Office, PA
650 Third Avenue South
Suite 260
Minneapolis, MN 55402
(612) 340-9108
wmauzy@mauzylawfirm.com
*Attorneys for Defendant*