UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

                Plaintiff,

                                 Crim. No. 23-CR-151 (SRN/TNL)

v.

Theodore Harold Edward Bobo, Jr,

                Defendant.

## DEFENDANT'S MOTION TO DISCOVER CONFIDENTIAL INFORMANTS

Defendant Theodore Bobo, by and through his undersigned attorneys, respectfully moves the court for an order compelling the government to reveal confidential informants and make them available to the Defense.

The Government possesses the ability to withhold the identity of confidential informants, and the full contents of their communications with the Government. However, "[w]here the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Roviaro v. United States*, 353 U.S. 53, 60–61, 77 S. Ct. 623, 628, 1 L. Ed. 2d 639 (1957). Indeed, "if the informant is an active participant in the conduct charged, the informant's identity is almost always material and thus the government must make every reasonable effort to have the informant made available to the defendant." *United States v. Sanchez*, 429 F.3d 753, 756 (8th Cir. 2005) (Internal quotations omitted).

1

Based on the warrants used by the State of Minnesota to obtain evidence in the present case, it is submitted that the government relied on at least two confidential informants

In the present case, based on communications between the State of Minnesota and the Minnesota Public Defenders Office (which counsel will introduce as an exhibit if a hearing is held on this matter) police relied on two distinct informants as the basis for their warrant affidavits: one provided a tip regarding Bobo's presence at a particular intersection, and the possession of a firearm. Another provided information regarding Bobo's cell phone number, and information relating to Bobo possessing a firearm at a residence.

The identity and full contents of the communication of both informants is relevant to both Bobo's attempt to challenge the warrant in this case via a *Franks* hearing (another motion filed by Bobo's counsel today), particularly since the officer in this case appears to have conflated both informants into a single "reliable" informant for the purposes of the affidavit. Both informants may also be pertinent to Bobo's defense in the case overall.

For this reason, the District Court should order the Government to provide Defense Counsel with the name and contact information of the confidential informant listed as a witness in the State's prosecution file, as well as the substance of any communication between these informants and the Government.

In the alternative, "[t]he District Court may undertake an inquiry into the facts without violating the informant privilege by holding an in camera proceeding to determine the materiality of the informant's knowledge." *United States v. Grisham*, 748

F.2d 460, 464 (8th Cir. 1984). Theodore Bobo requests the court conduct an in-camera review of the information known to the Minneapolis Police Department on both informants, to determine whether they possess information material to Bobo's defense.

Date:  May 30, 2023                                           Respectfully submitted,

By:      */s/ William J. Mauzy*
        William J. Mauzy (#68974)
        William R. Dooling (#0402244)
        Mauzy Law Office, PA
        650 Third Avenue South
        Suite 260
        Minneapolis, MN 55402
        (612) 340-9108
        wmauzy@mauzylawfirm.com
        *Attorneys for Defendant*